IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ronald E. Lytle, *et al.*                                        3:05CV7254

       Plaintiffs,

   v.                                                              ORDER

Gerald Potter, Commissioner of
    Hardin County, *et al.*,

       Defendants.


This is a suit under 42 U.S.C. § 1983 by plaintiffs Ronald Lytle and Ricky Lee Lytle in

which the plaintiffs allege an unconstitutional taking of their real and personal property, state

claims for trespass and conversion, and claims environmental damage against the Kenton-Hardin

County, Ohio, Board of Health [Board], the Hardin County Board of Commissioners, the

Prosecuting Attorney for Hardin County, the Hardin County Engineer, the Sheriff and Deputy

Sheriff of Hardin County, and certain Trustees of Washington Township, all of them being sued

in their official and individual capacities.  Those individuals include the following: David Zeller,

Bradford W. Bailey, Mike Smith, Mike Crist, Craig D. Leeth, Keith Everhart, John Fay, Duane

Dirmeyer, Lauren Eibling and Craig Stump.

Defendants Kenton-Hardin County Board of Health and David Zeller, the Board's

Director of Environmental Health, move for partial judgment on the pleadings. They argue: 1)

this case is not ripe for adjudication; and 2) they are immune under Ohio's Political Subdivision

Tort Liability Act, O.R.C. § 2744.

Jurisdiction exists under 28 U.S.C. §§ 1331 and 1367.

For the following reasons, defendants' motion will be granted, without prejudice, and

plaintiff's complaint will be dismissed with respect to all remaining defendants.[1]

## Background

Plaintiffs owned property located in Hardin County. They operated a mobile home park

on the premises. In February, 2003, the Board filed a nuisance abatement action claiming the

property constituted a nuisance and sought to enjoin its operation.

In October, 2004, the Hardin County Court of Common Pleas declared that the property

constituted a nuisance, permanently enjoined further operation of the mobile home park, and

required plaintiffs to abate the nuisance within sixty days. The court granted leave to the Board

to enter the premises and "remove any remaining trailers, solid waste, refuse, rubbish and junk

and furnish labor and materials to do so" if plaintiffs failed to comply with the order of removal

and abatement within the sixty day period.

Plaintiffs' complaint alleges that the defendants' execution of the order to enter and

remove the designated items greatly exceeded its scope. According to the complaint, the

defendants either removed or destroyed *everything*, including, *inter alia*, residences and their

contents, on the property. Plaintiffs assert the Board's destruction of the property constituted a

---

[1]

Because plaintiffs' federal claims are being dismissed without prejudice, plaintiffs' state law claims
will likewise be dismissed without prejudice. It is not necessary, accordingly, to reach defendants'
claim of state law immunity under O.R.C. § 2744.

physical taking and conversion of both real and personal property. Plaintiffs further contend the Board's actions violated their due process rights under the Fourteenth Amendment.

Defendants' motion to dismiss asserts: 1) the takings claim is not ripe because plaintiffs did not seek just compensation through available state procedures; and 2) the due process claims are a) also subject to the unsatisfied ripeness requirements, and b) are ancillary to the takings claim and should be dismissed with that claim. Defendants also argue that they are immune from suit under O.R.C. § 2744.

## Discussion

### 1. Takings Claim

Pursuant to the doctrine of ripeness, which is an aspect of the case and controversy requirement, *DLX, Inc. v. Kentucky*, 381 F.3d 511, 533 (6th Cir. 2004), property owners, before they can file a federal Fifth Amendment takings claim must first attempt to obtain compensation through established state procedures. *Macene v. MJW, Inc.*, 951 F.2d 700, 704 (6th Cir. 1991). Until the owners do so, any federal claim is not ripe because the injury at the State's hands is not complete until the State has failed to compensate the owners adequately for the property taken from them. *J-II Enters., LLC v. Bd. of Comm'rs Warren County, Ohio*, 135 F. App'x 804, 806 (6th Cir. 2005) (unpublished disposition). In short, ripeness requires exhaustion of state procedures for compensation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985).

The Sixth Circuit recognizes Ohio's writ of mandamus as a reasonable, certain, and adequate procedure for obtaining compensation. *Coles v. Granville*, 448 F.3d 853, 861 (6th Cir.

2006). In *Coles*, plaintiffs argued governmental development of a tract of land into a recreational trail constituted a taking of their property. The court held plaintiffs' taking claim was not ripe for federal adjudication because they had not sought compensation by means of a state court writ of mandamus. *Id.*

Plaintiffs argue the requirement to seek a writ of mandamus does not apply to physical takings. They base this assertion on *Kruse v. Village of Chagrin Falls*, 74 F.3d 694 (6th Cir. 1994), in which the court held that Ohio plaintiffs need not seek compensation through state remedies before their federal takings claim ripens.

The decision in *Kruse* is not, however, controlling. In its later decision in *Cole*s, the Court of Appeals pointed out that *Kruse* was grounded on the then-existing uncertainty in Ohio case law as to whether an action in mandamus would lie to recover for a taking of physical property. 448 F.3d at 863. The Ohio Supreme Court, the court noted in *Coles, id*., had eliminated any uncertainty about the suitability of mandamus as a remedy by holding expressly that mandamus was the proper method for challenging an alleged taking without just compensation.[2] *See BSW Dev. Group v. City of Dayton*, 83 Ohio St. 3d 338, 341 (1998) ("Mandamus is the appropriate vehicle for compelling appropriation proceedings by public authorities where an involuntary taking of private property is alleged."); *see also Duncan v. City of Mentor City*

---

[2]

Plaintiffs argue that *Cole* is inapplicable because there is no public necessity to justify the governmental taking of their property. Nuisance abatement satisfies the interpretation of "public purpose" as broadly defined by the Supreme Court. *See Davet v. City of Cleveland*, 456 F.3d 549, 552-53 (6th Cir. 2006) (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1022-24, 112 S.Ct. 2886 (1992)) (recognizing that abatement of a nuisance constitutes a legitimate public purpose); *see also Kelo v. City of New London,* 545 U.S. 469, 125 S.Ct. 2655, 2663 (2005) (noting the broad parameters of "public purposes"). Plaintiffs' claim of no public purpose is not well taken.

*Council*, 105 Ohio St. 3d 372, 374 (2005); *Preschool Dev., Ltd. v. City of Springboro*, 99 Ohio St. 3d 347, 348 (2003); *Shemo v. City of Mayfield Heights*, 95 Ohio St. 3d 59, 63 (2002); *Sekermestrovich v. City of Akron*, 90 Ohio St. 3d 536, 537-38 (2001); *Elsass v. Shelby County Bd. of Comm'rs*, 92 Ohio St. 3d 529, 533 (2001).

Plaintiffs contend that the decisions in *Coles* and *BSW* (and the Ohio Supreme Court cases following *BSW,* as noted in *Coles*) are limited to compensation for takings of real property. This is so, but that fact does not relieve plaintiffs of the duty to seek just compensation for alleged takings of personal property if the State, by whatever means, provides a reasonable, certain, and adequate state procedure for just compensation. *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002).

Actions in conversion and restitution are reasonable, certain, and adequate state remedies to obtain just compensation in Ohio courts for taken or destroyed personal property. *Perry v. Southeastern Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 475 (6th Cir. 2005) (unpublished disposition).[3]

Plaintiffs have sought compensation neither by way of a state court writ of mandamus nor state court actions in conversion and restitution. They have not shown that such remedies would not be adequate. Their Fifth Amendment takings claim is not presently ripe for adjudication in this court; that claim shall, accordingly, be dismissed without prejudice.

---

[3]

In a final effort to avoid the requirement that they exhaust state remedies before presenting a federal takings claim, plaintiffs suggest that no taking occurred because the defendants destroyed, rather than simply removed, much of their personal property. This contention is at odds with their Fifth Amendment takings claim. To maintain such claim [once ripe] plaintiffs much allege a taking; in this case, their allegation of destruction, rather than removal, suffices. *See Arnett*, 281 F.3d at 562-63 (finding destruction of property may constitute a taking).

**2. Due Process Claims**

Defendants argue that the due process violations alleged by plaintiffs must conform to the same ripeness requirements as the plaintiffs' takings claim.  Since the takings claim is not ripe, they argue, the due process claims should also be dismissed for lack of ripeness.

Due process claims arising from a common nucleus of facts as a takings claim are ancillary to the takings claim and subject to the same ripeness requirements. *See Ardire v. Rump*, 996 F.2d 1214, *5 (6th Cir. 1993) (table); *see also Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154 (6th Cir. 1992). Thus, where plaintiffs, as in this case, allege a just compensation claim and a procedural due process claim, both claims are subject to the ripeness requirements. *Ardire*, 996 F.2d at *5. Only if the plaintiffs were to have alleged, as they have not in this case, some independent harm flowing directly from a denial of due process could they avoid the ripeness requirement.  *J-II Enters.*, 135 F. App'x at 806.

Federal courts impose a ripeness requirement in these circumstances they cannot address the procedural due process claim with a full understanding of the relevant facts until they rule on plaintiffs' just compensation claim. *Id.* Furthermore, allowing procedural due process claims before a takings claim is ripe would allow plaintiffs to circumvent the ripeness requirement. *Id.* The ripeness of a procedural due process claim is, accordingly, a preliminary issue. *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005).

Claims for violation of substantive due process are also not appropriate when the harm alleged is more appropriately covered by a concurrent takings claim: "[s]ubstantive due process concepts are not available to provide relief when another provision of the Constitution directly addresses the type of illegal government conduct alleged by the plaintiff."  *Warren v. City of*

*Athens*, 411 F.3d 697, 706-07 (6th Cir. 2005); *see also Peters v. Fair*, 427 F.3d 1035, 1037 (6th

Cir. 2005); *Montgomery v. Carter County*, 226 F.3d 758, 769 (6th Cir. 2000).  The conduct

alleged by plaintiff is more specifically addressed by the Constitution's prohibition of takings

without just compensation.

Defendants' motion to dismiss the procedural and substantive due process claims shall be

granted without prejudice.

## Conclusion

For the foregoing reasons, the plaintiffs' federal claims must be dismissed as to all

defendants, without prejudice, because they are not ripe for adjudication.[4] The plaintiffs' state

law claims likewise should be dismissed as to all defendants, also without prejudice, as the

merits of those claims will, in all likelihood, be resolved in the state mandamus proceedings that

must precede consideration of the takings claims in this court.[5]

---

[4]

The Court may properly consider the ripeness of plaintiffs' federal claims against all defendants, including those defendants who did not raise the issue by motion.  The ripeness of plaintiffs' claims is an aspect of subject matter jurisdiction and may be raised *sua sponte*. *Arnett*, 281 F.3d at 562.

[5]

Count Six of plaintiffs' complaint (for "environmental contamination") will also be dismissed *sua sponte* for two reasons.  First, no federal question appears on its face.  *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995). Count Six vaguely references "federal environmental laws" but otherwise the precise cause of action remains unspecified. There are few instances where private parties may bring claims under environmental protection statutes, however plaintiffs have not properly asserted the necessary elements for those types of actions. *See*, *e.g.*, *Franklin County Convention Facilities Authority v. American Premier Underwriters, Inc.*, 240 F.3d 534, 540-542 (6th Cir. 2001) (discussing requirements for that plaintiff's claim under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), including that the contaminating material be a "hazardous substance"). Plaintiffs' complaint does not state a basis on which they could bring a federal private cause of action, and independent research has not discovered such basis. Second, to the extent that plaintiffs assert damage to their own property interests, such claim is subsumed in their takings claim. If the interests of other property owners were affected [for example, by the alleged groundwater contamination], those

It is, therefore,

ORDERED THAT the plaintiffs' complaint be, and the same hereby is dismissed as to all defendants, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

property owners might have a claim for such damage. But plaintiffs do not have standing to seek damages on behalf of other property owners. I note, finally, that in dismissing Count Six, I express no opinion as to the viability of any such alternative basis for recovery by others for the acts and their consequences alleged in that Count.